Good morning, Your Honors. My name is Justin Lowe, and I represent the petitioner, Imelda Umbas. Your Honors, this case is about a violation of Ms. Umbas' Fifth Amendment due process rights. This violation is by way of ineffective assistance of the trial counsel during her merits hearing. Now, this Court has found that for ineffective assistance of counsel, in order for it to be found, that the counsel has to have failed to perform with sufficient confidence, and that that failure has prejudiced the case for the petitioner. In this case, the trial counsel severely failed to act with confidence. It appears from the record that there were certain discrepancies that the merits that the trial court noted with the testimony between the statement, the testimony during court, and witness testimony. Now, clearly the counsel if she has testified inconsistently, and it goes right to the point of her claim, isn't it kind of irrelevant that counsel was incompetent? Well, Your Honor, first, these quote-unquote inconsistencies that were noted by the court, if anything, we would argue that they were minor, and they were not inconsistencies that were relevant to her claim. Well, let's assume that she was lying about the rape, and that's a pretty major thing, is it not? I'm sorry, Your Honor. Let's assume she was lying or was not. Let's assume for the moment that she was lying and that, in fact, she was not raped. Wouldn't that be quite significant? Well, Your Honor, if she was lying about the rape, that would be significant. However, Your Honor, the witness, the witness, there was no inconsistency about the occurrence of what happened, of when it happened. There may have been as to what time during the month, but, of course, the trial took place, the trial took the merits hearing took place many years after the rape, but as far as it happening on a Wednesday, the circumstances surrounding it, it was a meeting of a Bible study that was held every Wednesday at the family home that a rape took place, that she was dragged into the mother's room, that the aftercare was the mother took care of her, they did not go to hospital, that they reported to police, but that there was no action taken, that they called for an ambulance, but nobody came. Now, the I.J. said that her claim was frivolous because of the, he perceived that she was lying. Now, has she challenged that finding of frivolousness? I've looked at the record and I really can't find that. If it's there, tell me where it is in the record. Well, Your Honor, there is not a specific statement of a challenging frivolousness. However, Your Honor, we maintain that the challenge is within the challenge to the ineffective assistance of counsel. Because of the counsel's activities, because of his failure to even talk to his client more than once before the individual hearing, clearly before the first individual hearing, the counsel did not even talk to his client. Now, which counsel are we specifically targeting? He had several. I'm sorry. We're speaking of Colin Green, the counsel Colin Green. He was the attorney who entered an appearance for the individual hearing, both in 2005 and in May of 2006. At the November 2005 hearing, the judge said that the judge was asking her questions and it appeared she did not even understand how the proceedings worked. Counsel, the thing that the I.J. did make a comment that she didn't seem prepared to testify, but the question that she didn't answer seemed to be a fairly basic one. I don't know why you would need much preparation. He asked her what her ethnicity was and she couldn't answer. Well, Your Honor, as you might expect in these types of hearings, the you have several instances where the, I guess, Respondent at that point is very nervous, does not, may have never been in court. They understand that these proceedings will determine whether they're to be removed. This is every immigration proceeding and, you know, she should, I mean, that's one of the most basic aspects of her circumstances. Every asylum proceeding, we have the same situation. How can it be counsel's fault that she can't, and there was an interpreter, right? Yes, Your Honor. So how could it be counsel's fault that she couldn't state her ethnicity? Well, Your Honor, you know, obviously from the second hearing where the issues on questioning did not have the same problems, you know, at least counsel, at least I assume provided Ms. Umbas with at least an understanding of what the proceedings would go on or how they would proceed and she at least did not have those types of issues. Can you identify for us any specific question that the IJ or opposing counsel asked her or her mother that your client would have answered differently? Well, Your Honor, it's not so much in the asking of the questions. First of all, Your Honor, it, first of all, the. It is. You're claiming ineffective assistance of counsel, that the counsel didn't adequately prepare her. Yes, Your Honor. So it's both questions and answers, correct? Yes, Your Honor. In this situation, the counsel, her counsel, you know, appeared not to even know, not to even know that she'd been in the United States more than once, which is clearly in her asylum application. She has noted that she came in the United States in 1999. But his questioning, which is at the administrative record on one. Sorry, Your Honor. Might be a little more practical. You want a remand. You want this sent back, start over. What's going to be different the second time around? The second time around, Your Honor, the counsel is going to pay attention to his client. In this case, Your Honor, the. You mean keep her. Counsel did not even, with these possible inconsistencies, after the cross-examination of the government counsel. If counsel had been competent, then, one, they would have at least redirected, at least given the client the opportunity to address the inconsistencies, given the witness an opportunity to address the inconsistencies. But there was no redirect by this counsel. And how would the answer have been different? I lied the first time? Well, the counsel, but, well, that's, counsel should have given the client an opportunity. If the client had, if counsel had asked on redirect and the question had, you know, come out a certain way, we don't know, because there was no opportunity given to Ms. Umbas. And, Your Honor, I have less than a minute. If I'd like to reserve that for any rebuttal. All right. Yes. May it please the Court. Christina Paras-Gondola for the Attorney General. Ms. Umbas blames the inconsistencies in her testimony and her written statement and her mother's testimony on her former attorney. However, an attorney should not have to tell his client to tell the truth. She should be able to testify truthfully. The truth is an absolute thing. Ms. Umbas' attorney didn't prejudice her. She prejudiced herself. She hasn't provided any argument as to how her former counsel performed ineffectively, as your questions, the panel's questions have alluded. And she hasn't shown how, if he was deficient, how his deficiencies affected the outcome of her proceedings. We're only considering the withholding claim because there was no challenge to the time bar as to the asylum claim. That's correct, Your Honor. And she, I think, conceded as much in her appeal to the board and in her opening brief to the court. So what remains is her claim for withholding of removal. And that's a very high burden for her to show. She has to show that it's more likely than not that her life or freedom would be threatened if she returned to Indonesia. Counsel, the IJ found that her application was frivolous, I gather, because he thought she was not telling the truth about the rape. I guess that's got to be the basis for that. That's a very serious finding, and we very seldom find that in one of these cases. Can she still request voluntary departure? Your Honor, under the statute, she is barred from any benefits under the Immigration and Nationality Act, and that includes voluntary departure. However, under the governing regulations, she still could be entitled to withholding of removal if she shows her eligibility. How can she do that now? Well, that's the problem here. And also, we should separate the adverse credibility finding from the frivolous asylum application finding, and it's also my experience that this is rarely a finding. And unfortunately, she has not exhausted the frivolous asylum application finding, so that is not before the court. Yes, so I'm just very concerned that she ought to be able to apply for voluntary departure. You say she still can, but how and what would be the consequences of such an application? Your Honor, you were saying that she can apply for withholding of removal, which she did and was denied. She cannot apply – I mean, I guess she could apply, but she would not be eligible for voluntary departure, and she did not qualify for it here. So she will – she is under a final order of removal and, unfortunately, is ineligible for any relief from that. And it is a harsh consequence. Yes. Did she appeal the frivolous finding? Is that ongoing? No, she did not. She did not raise that in her appeal to the board, and she also waived it by not raising it in her brief to this court. But it's mostly that it was not exhausted before the board that deprives this court of jurisdiction over it. Is there any basis, humanitarian or otherwise, where the government would allow her to apply for voluntary departure? Your Honor, I can't think of any. I mean, the statute is very clear, and this is in Section 208D-6, or 8 U.S.C. 1158-D-6, the Immigration and Nationality Act, that the alien is barred from any benefits under the act. So, you know, she'll be under a final order of removal. She can leave the United States. And that's really – it's unfortunate, but, you know, she didn't challenge this finding. She has been apparently represented by incompetent counsel all the way through. And if she'd had competent counsel, the frivolous finding would have been challenged. So I'm just struggling in my own mind as to how the government can, under some type of humanitarian relief, somehow allow her to apply for voluntary departure. I don't see how that's possible. And as Your Honor may be aware, there is humanitarian asylum, but the applicant has to show that she suffered something that was so egregious. And here, unfortunately, her claim is based on one alleged event, and there were significant material inconsistencies about that event. I'm challenging that, struggling with how, under our holdings, we can let her have voluntary departure. Your Honor, just thinking off the cuff about this, if I were her counsel, I might move the board to reopen and bring an ineffective assistance of counsel claim against the counsel who represented her before the board. But I'm not privy to the discussions she had with that counsel. I don't know whether that counsel made a strategic decision not to challenge the frivolous finding. I just don't know. Uh-huh. I doubt that there was any considered thought on the part of her or counsel about this problem. Well, yeah, and of course there should have been, because the I.J. expressly denied voluntary departure on the basis of the frivolous nature of the petition. So this is the third we present before us, Mr. Lummis, the third counsel? Your Honor, yes. Well, let me backtrack. There was Barbara Darnell who completed the asylum application but didn't sign it. And then before the immigration court, Ms. Umbas was represented by Colin Green. And then on appeal to the board, she was represented by Judy Chang, and also represented by Ms. Chang before this court briefing. I don't know, and you might want to ask Mr. Lummis if he is associated with Ms. Chang. So there are four counsel now altogether. So it would have been Ms. Chang's decision in terms of what to appeal to the board and what not to appeal. Yes, Your Honor. Okay. So are you saying there's a possibility that there could be further proceedings, I know you're not counsel for her, but further proceedings, a motion, in effect, to reconsider or reopen for ineffective assistance on the appeal to the board? Yes, I think that, you know. I know that's not before us. I don't know what the merits of that motion would be, but I think that is the only avenue I can think of at the moment. Okay. But that would be even assuming we would not have a basis for remanding on this record and this appeal. That's what your position is? Your Honor, I don't see any reason for remanding. And wouldn't a motion to reopen at this point be out of time? Yes, there is a 90-day time limit on motions to reopen, but there is an exception for exceptional circumstances, including ineffective assistance of counsel. All right. All right. Thank you. If there are no further questions, thank you. Thank you. Your Honor, since my time is brief, first, as far as the discrepancies that were discussed, mentioned in the immigration court, what we're talking about is a situation of rape. So if you have an individual who is basically the target of that rape and you have a witness who is dealing with it, the events surrounding it could lead to inconsistencies, which we would consider slight in this case. You know, you did not raise the adverse credibility. You didn't challenge adverse credibility on this appeal. This appeal is just about incompetence of counsel. Yes, Your Honor. But, again, we would maintain that the adverse credibility, the issues are tied into the question of ineffective assistance of counsel. Are you associated with Ms. Chang? No, Your Honor. So this is the fourth? Yes. Actually, there's also another attorney that was listed that actually filed the notice of appeal before, I guess, his name is William Kang. So there are five separate lawyers involved? Yes, apparently. Okay. Now, and lastly, Your Honor, as far as the prejudice, again, as Your Honor is aware, because of counsel's actions, there has been a frivolous filing. Now she's barred for voluntary departure. Also, because she has a U.S.-born child, she cannot adjust based on when that child turns 21, should the child apply for her. Well, are you in a position to file a petition to reopen on the basis of incompetence of counsel just prior to you? Yes, Your Honor. It would appear that we are and probably would consider that, depending upon the outcome of Your Honor's decision in this case. All right. Thank you, counsel. You're over your time. Thank you. The matter on this versus Holder is submitted.
judges: Mendez, Fletcher, Wardlaw